**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| WANDA GRAVES, Individually and for Others Similarly Situated<br><br>v.<br><br>FRANCISCAN ALLIANCE, INC. d/b/a FRANCISCAN HEALTH | Case No. 1:24-cv-1031<br>FLSA Collective Action<br>FED. R. CIV. P. 23 Class Action |

### ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

#### SUMMARY

1. Wanda Graves (Graves) brings this class and collective action to recover unpaid overtime and other damages from Defendant Franciscan Alliance, Inc. d/b/a Franciscan Health (Franciscan Health).

2. Graves worked for Franciscan Health as an RN in Olympia Fields, Illinois.

3. Like the Putative Class Members (as defined below), Graves regularly worked more than 40 hours in a week.

4. But Franciscan Health did not pay for all the hours they worked.

5. Instead, Franciscan Health automatically deducted 30 minutes a day from these employees' work time for so-called meal breaks.

6. Graves and the Putative Class Members were thus not paid for that time.

7. But Franciscan Health fails to provide Graves and the Putative Class Members with *bona fide* meal breaks.

8. Instead, Franciscan Health requires Graves and the Putative Class Members to remain on-duty throughout their shifts and continuously subjects them to interruptions during their unpaid "meal breaks."

9. Franciscan Health's auto-deduction policy violates the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201, *et seq.*, the Illinois Minimum Wage Law (IMWL), 820 ILCS 105/1, *et seq.*, and Illinois Wage Payment and Collection Act (IWPCA), 820 ILCS 115/1, *et seq.*, by depriving Graves and the Putative Class Members of overtime pay for all overtime hours worked.

10. The FLSA claim is brought as a collective action pursuant to 29 U.S.C. § 216(b). The IMWL and IWPCA claims are brought as a class action pursuant to Federal Rule of Civil Procedure 23.

## JURISDICTION & VENUE

11. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA. 29 U.S.C. § 216(b).

12. The Court also has supplemental jurisdiction over the state-law subclass claims because these claims arise from a common nucleus of operative facts. 28 U.S.C. § 1367.

13. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant is headquartered in this District.

## PARTIES

14. Graves worked for Franciscan Health as an RN in Olympia Fields, Illinois.

15. Graves was, at all relevant times, an employee of Franciscan Health, until approximately October 2023.

16. Throughout her employment, Franciscan Health classified Graves as non-exempt and paid her on an hourly basis.

17. But Franciscan Health subjected Graves to its common practice of automatically deducting 30 minutes a day from her recorded work time for so-called "meal breaks."

18. Graves's written consent is attached as **Exhibit 1**.

19. Graves brings this action on behalf of herself and other similarly situated hourly, non-exempt Franciscan Health employees who were subject to Franciscan Health's automatic meal break deduction policy.

20. Franciscan Health uniformly requires all these employees to remain on-duty and perform work throughout their shifts, including their unpaid "meal breaks."

21. The FLSA collective of similarly situated employees is defined as:

> **All hourly, non-exempt Franciscan Health employees who received an automatic meal period deduction at any time during the past 3 years ("FLSA Collective").**

22. Second, Graves represents a class of similarly situated hourly non-exempt workers under the IMWL and/or IWPCA pursuant to Federal Rule of Civil Procedure 23.

23. The Illinois Class is defined as:

> **All hourly, non-exempt Franciscan Health employees who received an automatic meal period deduction at any time during the past 10 years in Illinois ("Illinois Class").**

24. Collectively, the FLSA Collective and Illinois Class is defined as the Putative Class or Putative Class Members.

25. Franciscan Health is a domestic corporation.

26. Franciscan Health may be served with process by serving its registered agent: **Kevin D. Leahy, 1515 W. Dragoon Tr., Mishawaka, Indiana 46544-1290**.

## COVERAGE UNDER THE FLSA

27. At all relevant times, Franciscan Health was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

28. At all relevant times, Franciscan Health, as an institution primarily engaged in healthcare, was an enterprise within the meaning of Section 3(r)(2)(A) of the FLSA, 29 U.S.C. § 203(r)(2)(A).

29. At all relevant times, Franciscan Health was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as computers, cellphones, and personal protective equipment – that have been moved in or produced for commerce.

30. At all relevant times, Franciscan Health has had an annual gross volume of sales made or business done of not less than $500,000 each year.

31. At all relevant times, Graves and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

32. Franciscan Health uniformly deducted 30 minutes/shift from Graves and the Putative Class Members' wages for meal breaks, even when these employees did not actually receive *bona fide*, non-interrupted meal breaks.

33. As a result, Franciscan Health failed to pay Graves and the Putative Class Members for this compensable work, including overtime, in violation of the FLSA.

34. Franciscan Health's automatic meal break deduction policy, which deprives Graves and the Putative Class Members of overtime compensation for the weeks in which these workers work over 40 hours, is, in of itself, a violation of the FLSA. 29 U.S.C. § 207(a) & (e).

**FACTUAL ALLEGATIONS**

35. Franciscan Health operates hospitals and medical facilities throughout Illinois and Indiana.

36. To complete its business objectives, Franciscan Health employs patient care workers, including Graves and the Putative Class Members, to provide patient care services and treat patients in its facilities.

37. Franciscan Health classifies these employees as non-exempt from overtime and pays them on an hourly basis.

38. While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

39. For example, Graves worked for Franciscan Health as an RN during the relevant time period, until approximately October 2023.

40. As an RN, Graves's primary responsibilities included providing healthcare services, facilitating patient care, and responding to patient emergencies.

41. Throughout her employment, Franciscan Health classified Graves as non-exempt and paid her on an hourly basis.

42. Franciscan Health agreed to pay Graves her hourly rate for her first 40 hours worked plus overtime for her hours worked over 40 in a workweek.

43. Throughout her employment, Franciscan Health subjected Graves to its common practice of automatically deducting 30 minutes from her recorded hours worked and wages each shift for meal breaks, regardless of whether she actually received a *bona fide* meal break.

44. Graves and the Putative Class Members performed their jobs under Franciscan Health's supervision, and using materials, equipment, and technology approved and supplied by Franciscan Health.

45. Franciscan Health requires Graves and the Putative Class Members to follow and abide by common work, time, pay, and overtime policies and procedures in the performance of their jobs.

46. At the end of each pay period, Graves and the Putative Class Members received wages from Franciscan Health that were determined by common systems and methods that Franciscan Health selected and controlled.

47. Further, Franciscan Health subjects its hourly, non-exempt employees, including Graves and the Putative Class Members, to a common policy and practice of automatically deducting time from these employees' recorded hours worked for meal periods.

48. Specifically, Franciscan Health automatically deducts 30 minutes from Graves, and the Putative Class Members' time records each shift they work for meal periods, regardless of whether these employees actually receive a full, uninterrupted, 30-minute meal period.

49. But Franciscan Health fails to provide Graves and the Putative Class Members with *bona fide* meal periods.

50. Instead, Franciscan Health requires Graves and the Putative Class Members to remain on-duty and working throughout their shifts, continuously subjecting them to interruptions, including during their unpaid meal periods.

51. This unpaid time is compensable under the FLSA and the IMWL, because Franciscan Health knew, or should have known, that (1) Graves and the Putative Class Members were performing unpaid work during their "meal breaks," (2) they were interrupted or subject to interruptions with work duties during any attempted meal period, (3) they entirely skipped the meal period due to work demands, and/or (4) the meal period was less than 30 minutes.

52. Franciscan Health failed to exercise its duty to ensure Graves and the Putative Class Members were not performing work that Franciscan Health did not want performed during their unpaid "meal breaks."

53. The unpaid time is compensable under the IWPCA because Franciscan Health agreed to pay Graves and the Putative Class Members an hourly rate of pay for all time they worked, and Franciscan Health failed to pay Graves and the Putative Class Members all their earned wages.

54. Despite accepting the benefits, Franciscan Health did not pay Graves and the Putative Class Members for the compensable work they performed during their "meal breaks."

55. Thus, under Franciscan Health's uniform automatic meal break deduction policy, Graves and the Putative Class Members are denied overtime pay for those on-duty "meal breaks" in workweeks in which they worked in excess of 40 hours in violation of the FLSA and the IMWL.

56. Likewise, under Franciscan Health's uniform automatic meal break deduction policy, Graves and the Putative Class Members are denied "straight pay for those on duty "meal breaks" in workweeks in which they worked fewer than 40 hours in violation of the IWPCA

57. Franciscan Health knows Graves and the Putative Class Members routinely perform work "off the clock" during their unpaid meal breaks because Franciscan Health expects and requires these employees to do so.

58. But Franciscan Health does not pay Graves and the Putative Class Members for their routine "off the clock" work, including those hours worked in excess of 40 hours in a workweek, in violation of the FLSA.

59. Graves worked more than 40 hours in at least one workweek during the three years before this Complaint was filed.

60. Likewise, each Putative Class Member worked more than 40 hours in at least one workweek during the three years before this Complaint was filed.

61. Indeed, Franciscan Health typically schedules Graves to work 12-hour shifts for 4 days a week.

62. Franciscan Health typically schedules Putative Class Members to work 12-hour shifts for 4 days a week.

63. And Graves and the Putative Class Members regularly are also required to work during their unpaid meal breaks "off the clock" in order to complete their job duties and patient care responsibilities.

64. As a result, Graves and the Putative Class Members work in excess of 40 hours in a typical workweek.

65. When Graves and the Putative Class Members worked more than 40 hours in a workweek, Franciscan Health did not pay them 1.5 times their regular hourly rate for all overtime hours worked due to Franciscan Health's failure to include time these employees worked during their unpaid meal breaks in their total number of hours worked in a given workweek.

66. Franciscan Health knew, or should have known, it was subject to the FLSA and the IMWL and/or IWPCA, including its overtime provisions.

67. Franciscan Health knew, or should have known, the FLSA and the IMWL requires it to pay employees, including Graves and the Putative Class Members, overtime at rates not less than 1.5 times these employees' regular rates of pay for all hours worked in excess of 40 hours in a workweek.

68. Franciscan Health knew, or should have known, Graves and the Putative Class Members worked more than 40 hours in a week.

69. Franciscan Health knew, or should have known, Graves and the Putative Class Members regularly worked during their unpaid meal breaks because Franciscan Health expected and required them to do so.

70. Franciscan Health knew, should have known, or showed reckless disregard for, whether the conduct described in this Complaint violated the FLSA, IMWL, and IWPCA.

71. Franciscan Health knowingly, willfully, and/or in reckless disregard carried out this illegal automatic deduction policy that deprived Graves and the Putative Class Members of overtime compensation in violation of the FLSA, IMWL, and IWPCA.

72. Nonetheless, Franciscan Health failed to pay Graves and the Putative Class Members overtime for all hours these employees worked in excess of 40 hours in a workweek.

73. Franciscan Health's failure to pay overtime compensation to Graves and the Putative Class Members was neither reasonable, nor was the decision not to pay these employees overtime made in good faith.

## CAUSES OF ACTION
## VIOLATIONS OF THE FLSA

74. Graves realleges and incorporates all other paragraphs by reference.

75. Graves brings her FLSA claim as a collective action under 29 U.S.C. § 216(b).

76. Franciscan Health violated, and is violating, the FLSA by failing to pay Graves and the Putative Class Members overtime for all hours worked in excess of 40 in a single workweek, including hours worked "off the clock" during these employees' unpaid meal periods.

77. Throughout the relevant period, Franciscan Health expected and required Graves and the Putative Class Members to remain on-duty and be available to work during their unpaid meal breaks and outside of their scheduled shifts.

78. Graves and the Putative Class Members have been harmed as a direct and proximate result of Franciscan Health's unlawful conduct because they have been deprived of wages owed for work that they performed and from which Franciscan Health derived a direct and substantial benefit.

79. Franciscan Health knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Graves and the Putative Class Members overtime compensation.

80. Franciscan Health's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

81. Accordingly, Graves and the Putative Class Members are entitled to recover their unpaid overtime wages under the FLSA in an amount equal to 1.5 times their regular hourly rates of pay, plus an equal amount as liquidated damages, and attorney's fees and costs.

## VIOLATIONS OF THE IMWL

82. All of the preceding paragraphs are realleged herein.

83. Graves brings her claim under the IMWL as a Rule 23 class action.

84. The conduct alleged violates the IMWL. *See* 820 ILCS 105/1, *et seq.*

85. Franciscan Health violated, and is violating, the IMWL by failing to pay Graves and the Putative Class Members overtime compensation for all hours worked in excess of 40 in a workweek.

86. At all relevant times, Franciscan Health was subject to the requirements of the IMWL.

87. At all relevant times, Franciscan Health employed Graves and the Putative Class Members as "employees" within the meaning of the IMWL.

88. The IMWL requires employers, like Franciscan Health, to pay employees at a rate not less than 1.5 times their regular rate of pay for all hours worked in excess of 40 hours in any one workweek.

89. Graves and the Putative Class Members are entitled to overtime pay under the IMWL.

90. Franciscan Health's automatic meal break deduction policy violates the IMWL because it deprives Graves and the Putative Class Members of overtime pay for all hours worked in excess of 40 hours in a workweek. *See* 820 ILCS 105/4a.

91. Accordingly, Graves and the Putative Class Members are entitled to recover their unpaid overtime compensation owed from the 3 years prior to the filing on this Complaint, treble damages, as well as monthly statutory damages on these amounts at the highest applicable rates, plus attorney's fees, costs, and expenses. *See* 820 ILCS 105/12(a).

## VIOLATIONS OF THE IWPCA

92. All of the preceding paragraphs are realleged herein.

93. Graves brings her claim under the IWPCA as a Rule 23 class action.

94. The conduct alleged violates the IWPCA (820 ILCS 115/1, et seq.).

95. Franciscan Health violated, and is violating, the IWPCA by failing to pay Graves and the Putative Class Members all wages earned for all hours worked at the hourly rates Franciscan Health agreed to pay them for the work they performed.

96. At all relevant times, Franciscan Health was subject to the requirements of the IWPCA.

97. At all relevant times, Franciscan Health employed Graves and the Putative Class Members as "employees" within the meaning of the IWPCA.

98. The IWPCA requires employers, like Franciscan Health, to pay employees for all time they worked at the rate agreed to by the parties.

99. During the course of their employment, Franciscan Health agreed to pay Graves and each Putative Class Member an hourly rate for all hours they worked under and up to 40 hours in a workweek.

100. Graves and each Putative Class Member accepted Franciscan Health's offer.

101. But during the course of their employment, Franciscan Health failed to pay Graves and the Putative Class Members for all time they worked at the rates Franciscan Health agreed to pay them for the work they performed for Franciscan Health because Franciscan Health automatically deducted 30 minutes/shift from these employees' recorded hours worked

102. Franciscan Health's automatic meal break deduction policy violates the IWPCA because it deprives Graves and the Putative Class Members of pay for all hours worked at the rates Franciscan Health agreed to pay them.

103. Accordingly, Graves and the Putative Class Members are entitled to recover their unpaid "straight time" compensation owed from the 10 years prior to the filing on this Complaint,

treble damages, as well as monthly statutory damages on these amounts at the highest applicable rates, plus attorney's fees, costs, and expenses. *See* 820 ILCS 115/14(a).

## CLASS AND COLLECTIVE ALLEGATIONS

104. Graves brings her claims as a class and collective action under the FLSA, IMWL, and IWPCA.

105. The Putative Class Members were victimized by Franciscan Health's pattern, practice, and/or policy which is in willful violation of the FLSA, IMWL, and IWPCA.

106. Other Putative Class Members worked with Graves and indicated they were paid in the same manner, performed similar work, and were subject to Franciscan Health's same automatic meal break deduction policy.

107. Based on her experiences with Franciscan Health, Graves is aware Franciscan Health's illegal practices were imposed on the Putative Class Members.

108. The Putative Class Members are similarly situated in all relevant respects.

109. Even if their precise job duties might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime.

110. Therefore, the specific job titles or precise job locations of the various members of the Putative Class do not prevent class or collective treatment.

111. Rather, the class is held together by Franciscan Health's uniform automatic meal break deduction policy that systematically deprived Graves and the Putative Class Members of overtime pay for all hours worked in excess of 40 hours in a workweek.

112. The Putative Class Members are similarly denied overtime when they work more than 40 hours per week.

113. The overtime owed to Graves, and the Putative Class Members will be calculated using the same records and using the same formula.

114. Graves's experiences are therefore typical of the experiences of the Putative Class Members.

115. Graves has no interest contrary to, or in conflict with, the Putative Class Members that would prevent class or collective treatment.

116. Like each Putative Class Member, Graves has an interest in obtaining the unpaid overtime wages owed under federal law.

117. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

118. Absent a class and collective action, many Putative Class Members will not obtain redress for their injuries and Franciscan Health will reap the unjust benefits of violating the FLSA, IMWL, and IWPCA.

119. Further, even if some of the Putative Class Members could afford individual litigation against Franciscan Health, it would be unduly burdensome to the judicial system.

120. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members, as well as provide judicial consistency.

121. The questions of law and fact that are common to each Putative Class Member predominate over any questions affecting solely the individual members.

122. Among the common questions of law and fact are:

   a. Whether Franciscan Health engaged in a policy and practice of automatic time deductions for meal periods that were not *bona fide*, continuous, and uninterrupted in violation of the FLSA, IMWL, and IWPCA;

   b. Whether Franciscan Health's automatic meal break deduction policy deprived Graves and the Putative Class Members of pay for time

worked during meal periods that were not *bona fide*, continuous, and uninterrupted in violation of the FLSA, IMWL, and IWPCA;

c. Whether Franciscan Health failed to pay Graves and the Putative Class Members overtime for all hours worked in excess of 40 hours in a workweek, including hours worked during missed and interrupted meal breaks in violation of the FLSA, IMWL, and IWPCA;

d. Whether Franciscan Health knew, or had reason to know, Graves and the Putative Class Members were requested, suffered, permitted, or allowed to during their unpaid meal breaks in violation of the FLSA, IMWL, and IWPCA; and

e. Whether Franciscan Health's violations of the FLSA were willful.

123. Graves and the Putative Class Members sustained damages arising out of Franciscan Health's illegal and uniform employment policy.

124. Graves knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

125. Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Franciscan Health's records, and there is no detraction from the common nucleus of liability facts.

126. Therefore, the issue of damages does not preclude class or collective treatment.

127. Franciscan Health is liable under the FLSA, IMWL, and IWPCA for failing to pay overtime to Graves and the Putative Class Members.

128. Consistent with Franciscan Health's illegal automatic meal break deduction policy, Graves and the Putative Class Members were not paid the proper premium overtime compensation when they worked more than 40 hours in a workweek.

129. As part of their regular business practices, Franciscan Health intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA, IMWL, and IWPCA with respect to Graves and the Putative Class Members.

130. Franciscan Health's illegal automatic meal break deduction policy deprived Graves and the Putative Class Members of the premium overtime wages they are owed under federal law.

131. Franciscan Health is aware, or should have been aware, that the FLSA, IMWL, and IWPCA require it to pay Graves and the Putative Class Members overtime premiums for all hours worked in excess of 40 hours per workweek.

132. There are many similarly situated Putative Class Members who have been denied overtime pay in violation of the FLSA, IMWL, and IWPCA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

133. This notice should be sent to the Putative Class Members pursuant to 29 U.S.C. § 216(b).

134. Those similarly situated employees are known to Franciscan Health, are readily identifiable, and can be located through Franciscan Health's records.

## JURY DEMAND

135. Graves demands a trial by jury.

## RELIEF SOUGHT

Graves prays for judgment against Franciscan Health as follows:

a. For an order certifying a collective action for the FLSA claims;

b. For an order certifying a class action for the Illinois law claims;

c. For an order finding Franciscan Health liable for violations of state and federal wage laws with respect to Graves and all FLSA Collective and Illinois Class Members covered by this case;

d. For a judgment awarding all unpaid wages, liquidated damages, and penalties to Hughes and all FLSA Collective members covered by this case;

e. For a judgment awarding all unpaid wages, treble damages, statutory damages, and penalties, to Graves and all Illinois Class Members covered by this case;

f. For an equitable accounting and restitution of wages due to Graves and all FLSA Collective and Illinois Class Members covered by this case;

g. For a judgment awarding costs of this action to Graves and all FLSA Collective and Illinois Class Members covered by this case;

h. For a judgment awarding attorneys' fees to Graves and all FLSA Collective and Illinois Class Members covered by this case;

i. For a judgment awarding pre- and post-judgment interest at the highest applicable rates; and

j. For all such other and further relief as may be necessary and appropriate.

Date: June 18, 2024.

Respectfully submitted,

By: */s/ Carl A. Fitz*
    **Carl A. Fitz**
    Tex. State Bar No. 24105863
**FITZ LAW PLLC**
3730 Kirby Drive, Ste. 1200
Houston, Texas 77098
(713) 766-4000
carl@fitz.legal

**Attorneys for Plaintiff**