UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

WANDA GRAVES, Individually and for       )
Others Similarly Situated,                        )
                                                            )
                          Plaintiff,                   )
                                                            )
            v.                                             )        Case No.:  1:24-cv-01031-TWP-TAB
                                                            )
FRANCISCAN ALLIANCE, INC. d/b/a       )
FRANCISCAN HEALTH,                            )
                                                            )
                          Defendant.                  )

## DEFENDANT'S ANSWER TO PLAINTIFF'S
## ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

Defendant Franciscan Alliance, Inc. d/b/a Franciscan Health ("Franciscan"), by counsel,

for its Answer to Plaintiff's Original Class and Collective Action Complaint ("Complaint"), states

as follows[1]:

### SUMMARY

1.      Wanda Graves (Graves) brings this class and collective action to recover unpaid

overtime and other damages from Defendant Franciscan Alliance, Inc. d/b/a Franciscan Health

(Franciscan Health).

> **ANSWER:**     **Franciscan admits the existence of this lawsuit and that Graves
> purports to bring this lawsuit as a putative class and collective action.
> Franciscan denies the remaining allegations contained in paragraph 1
> of the Complaint.**

2.      Graves worked for Franciscan Health as an RN in Olympia Fields, Illinois.

---

[1] Franciscan has filed a Motion to Dismiss Plaintiff's claim under the Illinois Wage Payment and Collection Act pursuant to Federal Rule of Civil Procedure 12(b)(6) contemporaneously herewith.

> **ANSWER:** **Franciscan admits the allegations contained in paragraph 2 of the Complaint.**

3.      Like the Putative Class Members (as defined below), Graves regularly worked more than 40 hours in a week.

> **ANSWER:** **Franciscan denies the allegations contained in paragraph 3 of the Complaint as they relate to Graves. Franciscan is without sufficient information to admit or deny the allegations contained in paragraph 3 of the Complaint as they relate to all Putative Class Members and, therefore, denies the same.**

4.      But Franciscan Health did not pay for all the hours they worked.

> **ANSWER:** **Franciscan denies the allegations contained in paragraph 4 of the Complaint.**

5.      Instead, Franciscan Health automatically deducted 30 minutes a day from these employees' work time for so-called meal breaks.

> **ANSWER:** **Franciscan admits that it automatically deducted 30 minutes a day from certain employees' work time for meal breaks during certain shifts where the employee did not attest that he/she did not receive an uninterrupted lunch break. Franciscan denies the remaining allegations contained in paragraph 5 of the Complaint.**

6.      Graves and the Putative Class Members were thus not paid for that time.

> **ANSWER:** **Franciscan denies the allegations contained in paragraph 6 of the Complaint.**

7.      But Franciscan Health fails to provide Graves and the Putative Class Members with *bona fide* meal breaks.

> **ANSWER:** **Franciscan denies the allegations contained in paragraph 7 of the Complaint.**

8.      Instead, Franciscan Health requires Graves and the Putative Class Members to remain on-duty throughout their shifts and continuously subjects them to interruptions during their unpaid "meal breaks."

> **ANSWER:** **Franciscan denies the allegations contained in paragraph 8 of the Complaint.**

9.      Franciscan Health's auto-deduction policy violates the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201, *et seq.*, the Illinois Minimum Wage Law (IMWL), 820 ILCS 105/1, *et seq.*, and Illinois Wage Payment and Collection Act (IWPCA), 820 ILCS 115/1, *et seq.*, by depriving Graves and the Putative Class Members of overtime pay for all overtime hours worked.

> **ANSWER:**      **The allegations regarding the IWPCA should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for the reasons set forth in Franciscan's Motion to Dismiss filed contemporaneously herewith. Franciscan incorporates by reference its Motion to Dismiss in response to paragraph 9 of the Complaint. Franciscan denies the remaining allegations contained in paragraph 9 of the Complaint.**

10.     The FLSA claim is brought as a collective action pursuant to 29 U.S.C. § 216(b). The IMWL and IWPCA claims are brought as a class action pursuant to Federal Rule of Civil Procedure 23.

> **ANSWER:**      **Franciscan admits the existence of this lawsuit and that Graves purports to bring this lawsuit as a putative class and collective action. The allegations regarding the IWPCA should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for the reasons set forth in Franciscan's Motion to Dismiss filed contemporaneously herewith. Franciscan incorporates by reference its Motion to Dismiss in response to paragraph 10 of the Complaint. Franciscan denies the remaining allegations contained in paragraph 10 of the Complaint.**

### JURISDICTION & VENUE

11.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA. 29 U.S.C. § 216(b).

> **ANSWER:**      **Franciscan admits the allegations contained in paragraph 11 of the Complaint.**

12.     The Court also has supplemental jurisdiction over the state-law subclass claims because these claims arise from a common nucleus of operative facts. 28 U.S.C. § 1367.

> **ANSWER:**      **Franciscan admits the allegations contained in paragraph 12 of the Complaint.**

13.     Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant is headquartered in this District.

> **ANSWER:** **Franciscan denies the allegations contained in paragraph 13 of the Complaint, but does not dispute that venue is proper in this forum.**

## PARTIES

14.     Graves worked for Franciscan Health as an RN in Olympia Fields, Illinois.

> **ANSWER:** **Franciscan admits the allegations contained in paragraph 14 of the Complaint.**

15.     Graves was, at all relevant times, an employee of Franciscan Health, until approximately October 2023.

> **ANSWER:** **Franciscan admits that Graves was employed by Franciscan from February 12, 2019, to November 6, 2023. Franciscan denies the remaining allegations contained in paragraph 15 of the Complaint.**

16.     Throughout her employment, Franciscan Health classified Graves as non-exempt and paid her on an hourly basis.

> **ANSWER:** **Franciscan admits the allegations contained in paragraph 16 of the Complaint.**

17.     But Franciscan Health subjected Graves to its common practice of automatically deducting 30 minutes a day from her recorded work time for so-called "meal breaks."

> **ANSWER:** **Franciscan admits that it automatically deducted 30 minutes a day from certain shifts of Graves' recorded work time if Graves did not attest that she did not receive an uninterrupted lunch break. Franciscan denies the remaining allegations contained in paragraph 17 of the Complaint.**

18.     Graves's written consent is attached as **Exhibit 1**.

> **ANSWER:** **Franciscan admits that the document is attached as Exhibit 1 to the Complaint and speaks for itself.**

19.     Graves brings this action on behalf of herself and other similarly situated hourly, nonexempt Franciscan Health employees who were subject to Franciscan Health's automatic meal break deduction policy.

**ANSWER:**     **Franciscan admits the existence of this lawsuit and that Graves purports to bring this lawsuit as a putative class and collective action. Franciscan denies the remaining allegations contained in paragraph 19 of the Complaint.**

20.     Franciscan Health uniformly requires all these employees to remain on-duty and perform work throughout their shifts, including their unpaid "meal breaks."

**ANSWER:**     **Franciscan denies the allegations contained in paragraph 20 of the Complaint.**

21.     The FLSA collective of similarly situated employees is defined as:

All hourly, non-exempt Franciscan Health employees who received an automatic meal period deduction at any time during the past 3 years ("FLSA Collective").

**ANSWER:**     **Franciscan admits that Graves purports to represent an FLSA Collective as defined in paragraph 21 of the Complaint. Franciscan denies the remaining allegations contained in paragraph 21 of the Complaint, and denies that certification of an FLSA Collective is appropriate.**

22.     Second, Graves represents a class of similarly situated hourly non-exempt workers under the IMWL and/or IWPCA pursuant to Federal Rule of Civil Procedure 23.

**ANSWER:**     **Franciscan admits that Graves purports to represent a Rule 23 Illinois Class as defined in the Complaint. Franciscan denies the remaining allegations contained in paragraph 22 of the Complaint, and denies that certification of a Rule 23 Class is appropriate. Moreover, the allegations regarding the IWPCA should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for the reasons set forth in Franciscan's Motion to Dismiss filed contemporaneously herewith. Franciscan incorporates by reference its Motion to Dismiss in response to paragraph 22 of the Complaint.**

23.     The Illinois Class is defined as:

All hourly, non-exempt Franciscan Health employees who received an automatic meal period deduction at any time during the past 10 years in Illinois ("Illinois Class").

**ANSWER:** **Franciscan admits that Graves purports to represent a Rule 23 Illinois Class as defined in paragraph 23 of the Complaint. Franciscan denies the remaining allegations contained in paragraph 23 of the Complaint, and denies that certification of a Rule 23 Class is appropriate.**

24. Collectively, the FLSA Collective and Illinois Class is defined as the Putative Class or Putative Class Members.

**ANSWER:** **Franciscan admits that Graves defines the FLSA Collective and the Illinois Class collectively as the Putative Class or Putative Class Members. Franciscan denies the remaining allegations contained in paragraph 24 of the Complaint, and denies that certification of an FLSA Collective or Rule 23 Class is appropriate.**

25. Franciscan Health is a domestic corporation.

**ANSWER:** **Franciscan admits the allegations contained in paragraph 25 of the Complaint.**

26. Franciscan Health may be served with process by serving its registered agent: Kevin D. Leahy, 1515 W. Dragoon Tr., Mishawaka, Indiana 46544-1290.

**ANSWER:** **Franciscan admits the allegations contained in paragraph 26 of the Complaint.**

## COVERAGE UNDER THE FLSA

27. At all relevant times, Franciscan Health was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

**ANSWER:** **Paragraph 27 contains a legal conclusion to which no response is required. To the extent a response is required, Franciscan is without sufficient information to admit or deny the allegations contained in paragraph 27 of the Complaint and, therefore, denies the same.**

28.     At all relevant times, Franciscan Health, as an institution primarily engaged in healthcare, was an enterprise within the meaning of Section 3(r)(2)(A) of the FLSA, 29 U.S.C. § 203(r)(2)(A).

> **ANSWER:    Paragraph 28 contains a legal conclusion to which no response is required. To the extent a response is required, Franciscan is without sufficient information to admit or deny the allegations contained in paragraph 28 of the Complaint and, therefore, denies the same.**

29.     At all relevant times, Franciscan Health was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as computers, cellphones, and personal protective equipment – that have been moved in or produced for commerce.

> **ANSWER:    Paragraph 29 contains a legal conclusion to which no response is required. To the extent a response is required, Franciscan is without sufficient information to admit or deny the allegations contained in paragraph 29 of the Complaint and, therefore, denies the same.**

30.     At all relevant times, Franciscan Health has had an annual gross volume of sales made or business done of not less than $500,000 each year.

> **ANSWER:    Franciscan admits the allegations contained in paragraph 30 of the Complaint.**

31.     At all relevant times, Graves and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

> **ANSWER:    Franciscan is without sufficient information to admit or deny allegations contained in paragraph 31 of the Complaint and, therefore, denies the same.**

32.    Franciscan Health uniformly deducted 30 minutes/shift from Graves and the
Putative Class Members' wages for meal breaks, even when these employees did not actually
receive *bona fide*, non-interrupted meal breaks.

> **ANSWER:**    **Franciscan admits that it deducted 30 minutes from Graves' and
> certain other employees' wages for certain shifts if the employee did not
> attest that he/she did not receive an uninterrupted lunch break.
> Franciscan denies the remaining allegations contained in paragraph 32
> of the Complaint.**

33.    As a result, Franciscan Health failed to pay Graves and the Putative Class Members
for this compensable work, including overtime, in violation of the FLSA.

> **ANSWER:**    **Franciscan denies the allegations contained in paragraph 33 of the
> Complaint.**

34.    Franciscan Health's automatic meal break deduction policy, which deprives Graves
and the Putative Class Members of overtime compensation for the weeks in which these workers
work over 40 hours, is, in of itself, a violation of the FLSA. 29 U.S.C. § 207(a) & (e).

> **ANSWER:**    **Franciscan denies the allegations contained in paragraph 34 of the
> Complaint.**

## FACTUAL ALLEGATIONS

35.    Franciscan Health operates hospitals and medical facilities throughout Illinois and
Indiana.

> **ANSWER:**    **Franciscan operates hospitals and/or medical facilities in Illinois and
> Indiana.   Franciscan denies the remaining allegations contained in
> paragraph 35 of the Complaint.**

36.    To complete its business objectives, Franciscan Health employs patient care
workers, including Graves and the Putative Class Members, to provide patient care services and
treat patients in its facilities.

> **ANSWER:**    **Franciscan admits that it employs patient care workers to provide
> patient care and treatment in its facilities, among other things.**

> **Franciscan admits that it previously employed Graves. Franciscan denies the remaining allegations contained in paragraph 36 of the Complaint.**

37. Franciscan Health classifies these employees as non-exempt from overtime and pays them on an hourly basis.

> **ANSWER: Franciscan admits that Graves was classified as a non-exempt employee and paid on an hourly basis. Franciscan admits that it has other non-exempt employees who are paid on an hourly basis. Franciscan is without sufficient information to admit or deny the remaining allegations contained in paragraph 37 of the Complaint and, therefore, denies the same.**

38. While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

> **ANSWER: Franciscan denies the allegations contained in paragraph 38 of the Complaint.**

39. For example, Graves worked for Franciscan Health as an RN during the relevant time period, until approximately October 2023.

> **ANSWER: Franciscan admits that Graves worked for Franciscan as an RN from February 12, 2019, until November 6, 2023. Franciscan denies the remaining allegations in paragraph 39 of the Complaint.**

40. As an RN, Graves's primary responsibilities included providing healthcare services, facilitating patient care, and responding to patient emergencies.

> **ANSWER: Franciscan admits that Graves' responsibilities included providing healthcare services, facilitating patient care, and responding to patient emergencies. Franciscan denies the remaining allegations contained in paragraph 40 of the Complaint.**

41. Throughout her employment, Franciscan Health classified Graves as non-exempt and paid her on an hourly basis.

> **ANSWER: Franciscan admits the allegations contained in paragraph 41 of the Complaint.**

42.     Franciscan Health agreed to pay Graves her hourly rate for her first 40 hours worked plus overtime for her hours worked over 40 in a workweek.

> **ANSWER:**     **Paragraph 42 contains a legal conclusion regarding the existence of an "agreement" to which no response is required. To the extent a response is required, Franciscan denies the allegations contained in paragraph 42 of the Complaint.**

43.     Throughout her employment, Franciscan Health subjected Graves to its common practice of automatically deducting 30 minutes from her recorded hours worked and wages each shift for meal breaks, regardless of whether she actually received a *bona fide* meal break.

> **ANSWER:**     **Franciscan admits that it automatically deducted 30 minutes from Graves' recorded hours worked and wages for meal breaks on certain shifts where Graves did not attest that she did not receive an uninterrupted lunch break. Franciscan denies the remaining allegations contained in paragraph 43 of the Complaint.**

44.     Graves and the Putative Class Members performed their jobs under Franciscan Health's supervision, and using materials, equipment, and technology approved and supplied by Franciscan Health.

> **ANSWER:**     **Franciscan is without sufficient information to admit or deny the allegations contained in paragraph 44 of the Complaint and, therefore, denies the same.**

45.     Franciscan Health requires Graves and the Putative Class Members to follow and abide by common work, time, pay, and overtime policies and procedures in the performance of their jobs.

> **ANSWER:**     **Franciscan denies the allegations contained in paragraph 45 of the Complaint.**

46.     At the end of each pay period, Graves and the Putative Class Members received wages from Franciscan Health that were determined by common systems and methods that Franciscan Health selected and controlled.

**ANSWER:** **Franciscan denies the allegations contained in paragraph 46 of the Complaint.**

47. Further, Franciscan Health subjects its hourly, non-exempt employees, including Graves and the Putative Class Members, to a common policy and practice of automatically deducting time from these employees' recorded hours worked for meal periods.

**ANSWER:** **Franciscan denies the allegations contained in paragraph 47 of the Complaint.**

48. Specifically, Franciscan Health automatically deducts 30 minutes from Graves, and the Putative Class Members' time records each shift they work for meal periods, regardless of whether these employees actually receive a full, uninterrupted, 30-minute meal period.

**ANSWER:** **Franciscan admits that it automatically deducts 30 minutes from certain nonexempt employees', including Graves', time records for meal breaks on certain shifts where the employee did not attest that he/she did not receive an uninterrupted lunch break. Franciscan denies the remaining allegations contained in paragraph 48 of the Complaint.**

49. But Franciscan Health fails to provide Graves and the Putative Class Members with *bona fide* meal periods.

**ANSWER:** **Franciscan denies the allegations contained in paragraph 49 of the Complaint.**

50. Instead, Franciscan Health requires Graves and the Putative Class Members to remain on-duty and working throughout their shifts, continuously subjecting them to interruptions, including during their unpaid meal periods.

**ANSWER:** **Franciscan denies the allegations contained in paragraph 50 of the Complaint.**

51. This unpaid time is compensable under the FLSA and the IMWL, because Franciscan Health knew, or should have known, that (1) Graves and the Putative Class Members were performing unpaid work during their "meal breaks," (2) they were interrupted or subject to

interruptions with work duties during any attempted meal period, (3) they entirely skipped the meal period due to work demands, and/or (4) the meal period was less than 30 minutes.

**ANSWER:**   **Franciscan denies the allegations contained in paragraph 51 of the Complaint.**

52.   Franciscan Health failed to exercise its duty to ensure Graves and the Putative Class Members were not performing work that Franciscan Health did not want performed during their unpaid "meal breaks."

**ANSWER:**   **Franciscan denies the allegations contained in paragraph 52 of the Complaint.**

53.   The unpaid time is compensable under the IWPCA because Franciscan Health agreed to pay Graves and the Putative Class Members an hourly rate of pay for all time they worked, and Franciscan Health failed to pay Graves and the Putative Class Members all their earned wages.

**ANSWER:**   **The allegations regarding the IWPCA should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for the reasons set forth in Franciscan's Motion to Dismiss filed contemporaneously herewith. Franciscan incorporates by reference its Motion to Dismiss in response to paragraph 53 of the Complaint.**

54.   Despite accepting the benefits, Franciscan Health did not pay Graves and the Putative Class Members for the compensable work they performed during their "meal breaks."

**ANSWER:**   **Franciscan denies the allegations contained in paragraph 54 of the Complaint.**

55.   Thus, under Franciscan Health's uniform automatic meal break deduction policy, Graves and the Putative Class Members are denied overtime pay for those on-duty "meal breaks" in workweeks in which they worked in excess of 40 hours in violation of the FLSA and the IMWL.

**ANSWER:**   **Franciscan denies the allegations contained in paragraph 55 of the Complaint.**

56.     Likewise, under Franciscan Health's uniform automatic meal break deduction policy, Graves and the Putative Class Members are denied "straight pay for those on duty "meal breaks" in workweeks in which they worked fewer than 40 hours in violation of the IWPCA.

> **ANSWER:**     **The allegations regarding the IWPCA should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for the reasons set forth in Franciscan's Motion to Dismiss filed contemporaneously herewith. Franciscan incorporates by reference its Motion to Dismiss in response to paragraph 56 of the Complaint.**

57.     Franciscan Health knows Graves and the Putative Class Members routinely perform work "off the clock" during their unpaid meal breaks because Franciscan Health expects and requires these employees to do so.

> **ANSWER:**     **Franciscan denies the allegations contained in paragraph 57 of the Complaint.**

58.     But Franciscan Health does not pay Graves and the Putative Class Members for their routine "off the clock" work, including those hours worked in excess of 40 hours in a workweek, in violation of the FLSA.

> **ANSWER:**     **Franciscan denies the allegations contained in paragraph 58 of the Complaint.**

59.     Graves worked more than 40 hours in at least one workweek during the three years before this Complaint was filed.

> **ANSWER:**     **Franciscan is without sufficient information to admit or deny the allegations contained in paragraph 59 of the Complaint and, therefore, denies the same.**

60.     Likewise, each Putative Class Member worked more than 40 hours in at least one workweek during the three years before this Complaint was filed.

> **ANSWER:**     **Franciscan is without sufficient information to admit or deny the allegations contained in paragraph 60 of the Complaint and, therefore, denies the same.**

61.     Indeed, Franciscan Health typically schedules Graves to work 12-hour shifts for 4 days a week.

**ANSWER:**     **Franciscan denies the allegations contained in paragraph 61 of the Complaint.**

62.     Franciscan Health typically schedules Putative Class Members to work 12-hour shifts for 4 days a week.

**ANSWER:**     **Franciscan denies the allegations contained in paragraph 62 of the Complaint.**

63.     And Graves and the Putative Class Members regularly are also required to work during their unpaid meal breaks "off the clock" in order to complete their job duties and patient care responsibilities.

**ANSWER:**     **Franciscan denies the allegations contained in paragraph 63 of the Complaint.**

64.     As a result, Graves and the Putative Class Members work in excess of 40 hours in a typical workweek.

**ANSWER:**     **Franciscan denies the allegations contained in paragraph 64 of the Complaint.**

65.     When Graves and the Putative Class Members worked more than 40 hours in a workweek, Franciscan Health did not pay them 1.5 times their regular hourly rate for all overtime hours worked due to Franciscan Health's failure to include time these employees worked during their unpaid meal breaks in their total number of hours worked in a given workweek.

**ANSWER:**     **Franciscan denies the allegations contained in paragraph 65 of the Complaint.**

66.     Franciscan Health knew, or should have known, it was subject to the FLSA and the IMWL and/or IWPCA, including its overtime provisions.

**ANSWER:** **The allegations regarding the IWPCA should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for the reasons set forth in Franciscan's Motion to Dismiss filed contemporaneously herewith. Franciscan incorporates by reference its Motion to Dismiss in response to paragraph 66 of the Complaint. The remaining allegations in paragraph 66 contain legal conclusions to which no response is required. To the extent a response is required, Franciscan is without sufficient information to admit or deny the remaining allegations contained in paragraph 66 of the Complaint and, therefore, denies the same.**

67. Franciscan Health knew, or should have known, the FLSA and the IMWL requires it to pay employees, including Graves and the Putative Class Members, overtime at rates not less than 1.5 times these employees' regular rates of pay for all hours worked in excess of 40 hours in a workweek.

**ANSWER:** **Paragraph 67 contains legal conclusions to which no response is required. To the extent a response is required, Franciscan is without sufficient information to admit or deny the allegations contained in paragraph 67 of the Complaint and, therefore, denies the same.**

68. Franciscan Health knew, or should have known, Graves and the Putative Class Members worked more than 40 hours in a week.

**ANSWER:** **Franciscan denies the allegations contained in paragraph 68 of the Complaint.**

69. Franciscan Health knew, or should have known, Graves and the Putative Class Members regularly worked during their unpaid meal breaks because Franciscan Health expected and required them to do so.

**ANSWER:** **Franciscan denies the allegations contained in paragraph 69 of the Complaint.**

70. Franciscan Health knew, should have known, or showed reckless disregard for, whether the conduct described in this Complaint violated the FLSA, IMWL, and IWPCA.

**ANSWER:** **The allegations regarding the IWPCA should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for the reasons set forth in**

**Franciscan's Motion to Dismiss filed contemporaneously herewith. Franciscan incorporates by reference its Motion to Dismiss in response to paragraph 70 of the Complaint. Franciscan denies the remaining allegations contained in paragraph 70 of the Complaint.**

71.     Franciscan Health knowingly, willfully, and/or in reckless disregard carried out this illegal automatic deduction policy that deprived Graves and the Putative Class Members of overtime compensation in violation of the FLSA, IMWL, and IWPCA.

**ANSWER:     The allegations regarding the IWPCA should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for the reasons set forth in Franciscan's Motion to Dismiss filed contemporaneously herewith. Franciscan incorporates by reference its Motion to Dismiss in response to paragraph 71 of the Complaint. Franciscan denies the remaining allegations contained in paragraph 71 of the Complaint.**

72.     Nonetheless, Franciscan Health failed to pay Graves and the Putative Class Members overtime for all hours these employees worked in excess of 40 hours in a workweek.

**ANSWER:     Franciscan denies the allegations contained in paragraph 72 of the Complaint.**

73.     Franciscan Health's failure to pay overtime compensation to Graves and the Putative Class Members was neither reasonable, nor was the decision not to pay these employees overtime made in good faith.

**ANSWER:     Franciscan denies the allegations contained in paragraph 73 of the Complaint.**

## CAUSES OF ACTION

## VIOLATIONS OF THE FLSA

74.     Graves realleges and incorporates all other paragraphs by reference.

**ANSWER:     Franciscan incorporates by reference its answers to the preceding paragraphs as if fully set forth herein.**

75.     Graves brings her FLSA claim as a collective action under 29 U.S.C. § 216(b).

**ANSWER:     Franciscan admits the existence of this lawsuit and that Graves purports to bring this lawsuit as a putative collective action.**

> **Franciscan is without sufficient information to admit or deny the remaining allegations in paragraph 75 of the Complaint, and therefore, denies the same.**

76.     Franciscan Health violated, and is violating, the FLSA by failing to pay Graves and the Putative Class Members overtime for all hours worked in excess of 40 in a single workweek, including hours worked "off the clock" during these employees' unpaid meal periods.

> **ANSWER:**     **Franciscan denies the allegations contained in paragraph 76 of the Complaint.**

77.     Throughout the relevant period, Franciscan Health expected and required Graves and the Putative Class Members to remain on-duty and be available to work during their unpaid meal breaks and outside of their scheduled shifts.

> **ANSWER:**     **Franciscan denies the allegations contained in paragraph 77 of the Complaint.**

78.     Graves and the Putative Class Members have been harmed as a direct and proximate result of Franciscan Health's unlawful conduct because they have been deprived of wages owed for work that they performed and from which Franciscan Health derived a direct and substantial benefit.

> **ANSWER:**     **Franciscan denies the allegations contained in paragraph 78 of the Complaint.**

79.     Franciscan Health knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Graves and the Putative Class Members overtime compensation.

> **ANSWER:**     **Franciscan denies the allegations contained in paragraph 79 of the Complaint.**

80.     Franciscan Health's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

**ANSWER:     Franciscan denies the allegations contained in paragraph 80 of the Complaint.**

81.     Accordingly, Graves and the Putative Class Members are entitled to recover their unpaid overtime wages under the FLSA in an amount equal to 1.5 times their regular hourly rates of pay, plus an equal amount as liquidated damages, and attorney's fees and costs.

**ANSWER:     Franciscan denies the allegations contained in paragraph 81 of the Complaint.**

## VIOLATIONS OF THE IMWL

82.     All of the preceding paragraphs are realleged herein.

**ANSWER:     Franciscan incorporates by reference its answers to the preceding paragraphs as if fully set forth herein.**

83.     Graves brings her claim under the IMWL as a Rule 23 class action.

**ANSWER:     Franciscan admits the existence of this lawsuit and that Graves purports to bring her IMWL claim as a Rule 23 class action. Franciscan is without sufficient information to admit or deny the remaining allegations in paragraph 83 of the Complaint, and therefore, denies the same.**

84.     The conduct alleged violates the IMWL. *See* 820 ILCS 105/1, *et seq.*

**ANSWER:     Franciscan denies the allegations contained in paragraph 84 of the Complaint.**

85.     Franciscan Health violated, and is violating, the IMWL by failing to pay Graves and the Putative Class Members overtime compensation for all hours worked in excess of 40 in a workweek.

**ANSWER:     Franciscan denies the allegations contained in paragraph 85 of the Complaint.**

86.     At all relevant times, Franciscan Health was subject to the requirements of the IMWL.

>  **ANSWER:**     **Paragraph 86 contains a legal conclusion to which no response is required.  To the extent a response is required, Franciscan is without sufficient information to admit or deny the allegations contained in paragraph 86 of the Complaint and, therefore, denies the same.**

87.     At all relevant times, Franciscan Health employed Graves and the Putative Class Members as "employees" within the meaning of the IMWL.

>  **ANSWER:**     **Paragraph 87 contains a legal conclusion to which no response is required.  To the extent a response is required, Franciscan is without sufficient information to admit or deny the allegations contained in paragraph 87 of the Complaint and, therefore, denies the same.**

88.     The IMWL requires employers, like Franciscan Health, to pay employees at a rate not less than 1.5 times their regular rate of pay for all hours worked in excess of 40 hours in any one workweek.

>  **ANSWER:**     **Paragraph 88 contains a legal conclusion to which no response is required.  To the extent a response is required, Franciscan is without sufficient information to admit or deny the allegations contained in paragraph 88 of the Complaint and, therefore, denies the same.**

89.     Graves and the Putative Class Members are entitled to overtime pay under the IMWL.

>  **ANSWER:**     **Franciscan denies the allegations contained in paragraph 89 of the Complaint.**

90.     Franciscan Health's automatic meal break deduction policy violates the IMWL because it deprives Graves and the Putative Class Members of overtime pay for all hours worked in excess of 40 hours in a workweek. *See* 820 ILCS 105/4a.

>  **ANSWER:**     **Franciscan denies the allegations contained in paragraph 90 of the Complaint.**

91.     Accordingly, Graves and the Putative Class Members are entitled to recover their

unpaid overtime compensation owed from the 3 years prior to the filing on this Complaint, treble

damages, as well as monthly statutory damages on these amounts at the highest applicable rates,

plus attorney's fees, costs, and expenses. *See* 820 ILCS 105/12(a).

> **ANSWER:**     **Franciscan denies the allegations contained in paragraph 91 of the Complaint.**

## VIOLATIONS OF THE IWPCA

92.     All of the preceding paragraphs are realleged herein.

> **ANSWER:**     **Franciscan incorporates by reference its answers to the preceding paragraphs as if fully set forth herein.**

93.     Graves brings her claim under the IWPCA as a Rule 23 class action.

> **ANSWER:**     **The allegations regarding the IWPCA should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for the reasons set forth in Franciscan's Motion to Dismiss filed contemporaneously herewith. Franciscan incorporates by reference its Motion to Dismiss in response to paragraph 93 of the Complaint.**

94.     The conduct alleged violates the IWPCA (820 ILCS 115/1, *et seq.*).

> **ANSWER:**     **The allegations regarding the IWPCA should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for the reasons set forth in Franciscan's Motion to Dismiss filed contemporaneously herewith. Franciscan incorporates by reference its Motion to Dismiss in response to paragraph 94 of the Complaint.**

95.     Franciscan Health violated, and is violating, the IWPCA by failing to pay Graves

and the Putative Class Members all wages earned for all hours worked at the hourly rates

Franciscan Health agreed to pay them for the work they performed.

> **ANSWER:**     **The allegations regarding the IWPCA should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for the reasons set forth in Franciscan's Motion to Dismiss filed contemporaneously herewith. Franciscan incorporates by reference its Motion to Dismiss in response to paragraph 95 of the Complaint.**

96.     At all relevant times, Franciscan Health was subject to the requirements of the IWPCA.

> **ANSWER:**    **The allegations regarding the IWPCA should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for the reasons set forth in Franciscan's Motion to Dismiss filed contemporaneously herewith. Franciscan incorporates by reference its Motion to Dismiss in response to paragraph 96 of the Complaint.**

97.     At all relevant times, Franciscan Health employed Graves and the Putative Class Members as "employees" within the meaning of the IWPCA.

> **ANSWER:**    **The allegations regarding the IWPCA should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for the reasons set forth in Franciscan's Motion to Dismiss filed contemporaneously herewith. Franciscan incorporates by reference its Motion to Dismiss in response to paragraph 97 of the Complaint.**

98.     The IWPCA requires employers, like Franciscan Health, to pay employees for all time they worked at the rate agreed to by the parties.

> **ANSWER:**    **The allegations regarding the IWPCA should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for the reasons set forth in Franciscan's Motion to Dismiss filed contemporaneously herewith. Franciscan incorporates by reference its Motion to Dismiss in response to paragraph 98 of the Complaint.**

99.     During the course of their employment, Franciscan Health agreed to pay Graves and each Putative Class Member an hourly rate for all hours they worked under and up to 40 hours in a workweek.

> **ANSWER:**    **The allegations regarding the IWPCA should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for the reasons set forth in Franciscan's Motion to Dismiss filed contemporaneously herewith. Franciscan incorporates by reference its Motion to Dismiss in response to paragraph 99 of the Complaint.**

100.    Graves and each Putative Class Member accepted Franciscan Health's offer.

> **ANSWER:**    **The allegations regarding the IWPCA should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for the reasons set forth in**

**Franciscan's Motion to Dismiss filed contemporaneously herewith. Franciscan incorporates by reference its Motion to Dismiss in response to paragraph 100 of the Complaint.**

101. But during the course of their employment, Franciscan Health failed to pay Graves and the Putative Class Members for all time they worked at the rates Franciscan Health agreed to pay them for the work they performed for Franciscan Health because Franciscan Health automatically deducted 30 minutes/shift from these employees' recorded hours worked.

> **ANSWER:** **The allegations regarding the IWPCA should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for the reasons set forth in Franciscan's Motion to Dismiss filed contemporaneously herewith. Franciscan incorporates by reference its Motion to Dismiss in response to paragraph 101 of the Complaint.**

102. Franciscan Health's automatic meal break deduction policy violates the IWPCA because it deprives Graves and the Putative Class Members of pay for all hours worked at the rates Franciscan Health agreed to pay them.

> **ANSWER:** **The allegations regarding the IWPCA should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for the reasons set forth in Franciscan's Motion to Dismiss filed contemporaneously herewith. Franciscan incorporates by reference its Motion to Dismiss in response to paragraph 102 of the Complaint.**

103. Accordingly, Graves and the Putative Class Members are entitled to recover their unpaid "straight time" compensation owed from the 10 years prior to the filing on this Complaint, treble damages, as well as monthly statutory damages on these amounts at the highest applicable rates, plus attorney's fees, costs, and expenses. *See* 820 ILCS 115/14(a).

> **ANSWER:** **The allegations regarding the IWPCA should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for the reasons set forth in Franciscan's Motion to Dismiss filed contemporaneously herewith. Franciscan incorporates by reference its Motion to Dismiss in response to paragraph 103 of the Complaint.**

## CLASS AND COLLECTIVE ALLEGATIONS

104.    Graves brings her claims as a class and collective action under the FLSA, IMWL, and IWPCA.

> **ANSWER:** **Franciscan admits the existence of this lawsuit and that Graves purports to bring this lawsuit as a putative class and collective action. The allegations regarding the IWPCA should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for the reasons set forth in Franciscan's Motion to Dismiss filed contemporaneously herewith. Franciscan incorporates by reference its Motion to Dismiss in response to paragraph 104 of the Complaint. Franciscan is without sufficient information to admit or deny the remaining allegations in paragraph 104 of the Complaint, and therefore, denies the same.**

105.    The Putative Class Members were victimized by Franciscan Health's pattern, practice, and/or policy which is in willful violation of the FLSA, IMWL, and IWPCA.

> **ANSWER:** **The allegations regarding the IWPCA should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for the reasons set forth in Franciscan's Motion to Dismiss filed contemporaneously herewith. Franciscan incorporates by reference its Motion to Dismiss in response to paragraph 105 of the Complaint. Franciscan denies the remaining allegations contained in paragraph 105 of the Complaint.**

106.    Other Putative Class Members worked with Graves and indicated they were paid in the same manner, performed similar work, and were subject to Franciscan Health's same automatic meal break deduction policy.

> **ANSWER:** **Franciscan is without sufficient information to admit or deny the allegations contained in paragraph 106 of the Complaint, and therefore, denies the same.**

107.    Based on her experiences with Franciscan Health, Graves is aware Franciscan Health's illegal practices were imposed on the Putative Class Members.

> **ANSWER:** **Franciscan denies the allegations contained in paragraph 107 of the Complaint.**

108.    The Putative Class Members are similarly situated in all relevant respects.

**ANSWER:** **Franciscan denies the allegations contained in paragraph 108 of the Complaint.**

109.    Even if their precise job duties might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime.

**ANSWER:** **Franciscan denies the allegations contained in paragraph 109 of the Complaint.**

110.    Therefore, the specific job titles or precise job locations of the various members of the Putative Class do not prevent class or collective treatment.

**ANSWER:** **Franciscan denies the allegations contained in paragraph 110 of the Complaint.**

111.    Rather, the class is held together by Franciscan Health's uniform automatic meal break deduction policy that systematically deprived Graves and the Putative Class Members of overtime pay for all hours worked in excess of 40 hours in a workweek.

**ANSWER:** **Franciscan denies the allegations contained in paragraph 111 of the Complaint.**

112.    The Putative Class Members are similarly denied overtime when they work more than 40 hours per week.

**ANSWER:** **Franciscan denies the allegations contained in paragraph 112 of the Complaint.**

113.    The overtime owed to Graves, and the Putative Class Members will be calculated using the same records and using the same formula.

**ANSWER:** **Franciscan denies the allegations contained in paragraph 113 of the Complaint.**

114.    Graves's experiences are therefore typical of the experiences of the Putative Class Members.

**ANSWER:** **Franciscan denies the allegations contained in paragraph 114 of the Complaint.**

115.     Graves has no interest contrary to, or in conflict with, the Putative Class Members that would prevent class or collective treatment.

> **ANSWER:**     **Franciscan denies the allegations contained in paragraph 115 of the Complaint.**

116.     Like each Putative Class Member, Graves has an interest in obtaining the unpaid overtime wages owed under federal law.

> **ANSWER:**     **Franciscan denies the allegations contained in paragraph 116 of the Complaint.**

117.     A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

> **ANSWER:**     **Franciscan denies the allegations contained in paragraph 117 of the Complaint.**

118.     Absent a class and collective action, many Putative Class Members will not obtain redress for their injuries and Franciscan Health will reap the unjust benefits of violating the FLSA, IMWL, and IWPCA.

> **ANSWER:**     **The allegations regarding the IWPCA should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for the reasons set forth in Franciscan's Motion to Dismiss filed contemporaneously herewith. Franciscan incorporates by reference its Motion to Dismiss in response to paragraph 118 of the Complaint. Franciscan denies the remaining allegations contained in paragraph 118 of the Complaint.**

119.     Further, even if some of the Putative Class Members could afford individual litigation against Franciscan Health, it would be unduly burdensome to the judicial system.

> **ANSWER:**     **Franciscan denies the allegations contained in paragraph 119 of the Complaint.**

120.     Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members, as well as provide judicial consistency.

**ANSWER:** **Franciscan denies the allegations contained in paragraph 120 of the Complaint.**

121. The questions of law and fact that are common to each Putative Class Member predominate over any questions affecting solely the individual members.

**ANSWER:** **Franciscan denies the allegations contained in paragraph 121 of the Complaint.**

122. Among the common questions of law and fact are:

   a. Whether Franciscan Health engaged in a policy and practice of automatic time deductions for meal periods that were not *bona fide*, continuous, and uninterrupted in violation of the FLSA, IMWL, and IWPCA;

   b. Whether Franciscan Health's automatic meal break deduction policy deprived Graves and the Putative Class Members of pay for time worked during meal periods that were not *bona fide*, continuous, and uninterrupted in violation of the FLSA, IMWL, and IWPCA;

   c. Whether Franciscan Health failed to pay Graves and the Putative Class Members overtime for all hours worked in excess of 40 hours in a workweek, including hours worked during missed and interrupted meal breaks in violation of the FLSA, IMWL, and IWPCA;

   d. Whether Franciscan Health knew, or had reason to know, Graves and the Putative Class Members were requested, suffered, permitted, or allowed to during their unpaid meal breaks in violation of the FLSA, IMWL, and IWPCA; and

   e. Whether Franciscan Health's violations of the FLSA were willful.

**ANSWER:** **The allegations regarding the IWPCA should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for the reasons set forth in**

> Franciscan's Motion to Dismiss filed contemporaneously herewith. Franciscan incorporates by reference its Motion to Dismiss in response to paragraph 122 of the Complaint. Franciscan denies the remaining allegations contained in paragraph 122 of the Complaint.

123.    Graves and the Putative Class Members sustained damages arising out of Franciscan Health's illegal and uniform employment policy.

> **ANSWER:    Franciscan denies the allegations contained in paragraph 123 of the Complaint.**

124.    Graves knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

> **ANSWER:    Franciscan is without sufficient information to admit or deny the allegations contained in paragraph 124 of the Complaint, and therefore, denies the same. Franciscan denies that certification of a class or collective action is appropriate.**

125.    Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Franciscan Health's records, and there is no detraction from the common nucleus of liability facts.

> **ANSWER:    Franciscan denies the allegations contained in paragraph 125 of the Complaint.**

126.    Therefore, the issue of damages does not preclude class or collective treatment.

> **ANSWER:    Paragraph 126 contains a legal conclusion to which no response is required. To the extent a response is required, Franciscan denies the allegations in paragraph 126 of the Complaint and denies the class or collective treatment is appropriate.**

127.    Franciscan Health is liable under the FLSA, IMWL, and IWPCA for failing to pay overtime to Graves and the Putative Class Members.

> **ANSWER:    The allegations regarding the IWPCA should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for the reasons set forth in Franciscan's Motion to Dismiss filed contemporaneously herewith. Franciscan incorporates by reference its Motion to Dismiss in response**

**to paragraph 127 of the Complaint. Franciscan denies the remaining allegations contained in paragraph 127 of the Complaint.**

128.     Consistent with Franciscan Health's illegal automatic meal break deduction policy, Graves and the Putative Class Members were not paid the proper premium overtime compensation when they worked more than 40 hours in a workweek.

**ANSWER:     Franciscan denies the allegations contained in paragraph 128 of the Complaint.**

129.     As part of their regular business practices, Franciscan Health intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA, IMWL, and IWPCA with respect to Graves and the Putative Class Members.

**ANSWER:     The allegations regarding the IWPCA should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for the reasons set forth in Franciscan's Motion to Dismiss filed contemporaneously herewith. Franciscan incorporates by reference its Motion to Dismiss in response to paragraph 129 of the Complaint. Franciscan denies the remaining allegations contained in paragraph 129 of the Complaint.**

130.     Franciscan Health's illegal automatic meal break deduction policy deprived Graves and the Putative Class Members of the premium overtime wages they are owed under federal law.

**ANSWER:     Franciscan denies the allegations contained in paragraph 130 of the Complaint.**

131.     Franciscan Health is aware, or should have been aware, that the FLSA, IMWL, and IWPCA require it to pay Graves and the Putative Class Members overtime premiums for all hours worked in excess of 40 hours per workweek.

**ANSWER:     The allegations regarding the IWPCA should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for the reasons set forth in Franciscan's Motion to Dismiss filed contemporaneously herewith. Franciscan incorporates by reference its Motion to Dismiss in response to paragraph 131 of the Complaint. The remaining allegations in paragraph 131 contain legal conclusions to which no response is required. To the extent a response is required, Franciscan is without sufficient information to admit or deny the remaining allegations**

**contained in paragraph 131 of the Complaint and, therefore, denies the
same.**

132.    There are many similarly situated Putative Class Members who have been denied

overtime pay in violation of the FLSA, IMWL, and IWPCA who would benefit from the issuance

of a court-supervised notice of this lawsuit and the opportunity to join it.

> **ANSWER:**    **The allegations regarding the IWPCA should be dismissed pursuant to
> Federal Rule of Civil Procedure 12(b)(6) for the reasons set forth in
> Franciscan's Motion to Dismiss filed contemporaneously herewith.
> Franciscan incorporates by reference its Motion to Dismiss in response
> to paragraph 132 of the Complaint. Franciscan denies the remaining
> allegations contained in paragraph 132 of the Complaint.**

133.    This notice should be sent to the Putative Class Members pursuant to 29 U.S.C.

§ 216(b).

> **ANSWER:**    **Paragraph 133 contains a legal conclusion to which no response is
> required.  To the extent a response is required, Franciscan denies the
> allegations in paragraph 133 of the Complaint and denies that
> certification of a collective action is appropriate.**

134.    Those similarly situated employees are known to Franciscan Health, are readily

identifiable, and can be located through Franciscan Health's records.

> **ANSWER:**    **Franciscan is without sufficient information to admit or deny the
> allegations contained in paragraph 134 of the Complaint, and
> therefore, denies the same. Franciscan denies that certification of a
> collective action is appropriate.**

## AFFIRMATIVE DEFENSES

1.    Franciscan denies all allegations in Plaintiff's Complaint not heretofore specifically

admitted or denied.

2.    Plaintiff's Complaint fails to state a claim upon which relief can be granted.

3.    The claims of Plaintiff and any putative class members are barred to the extent they

lack standing to pursue those claims.

4.	The claims of Plaintiff and any putative class members are barred, in whole or in part, by the doctrines of accord and satisfaction, setoff and/or payment and release.

5.	The claims of Plaintiff and any putative class members are barred, in whole or in part, by the doctrine of unclean hands.

6.	The claims of Plaintiff and any putative class members are barred to the extent they failed to mitigate their damages, if any.

7.	Discovery and investigation are incomplete, and Franciscan does not and cannot reasonably be expected to know whether additional affirmative defenses may be applicable. Franciscan therefore reserves the right to add additional affirmative defenses and other defenses as may be applicable and appropriate during the pendency of this action.

**WHEREFORE**, Franciscan prays that Plaintiff take nothing by way of her Complaint and for all other appropriate relief.

Respectfully submitted,

Amy J. Adolay
_____

Amy J. Adolay, Atty. No. 23147-49
Marc T. Quigley, Atty. No. 21054-53
KRIEG DeVAULT LLP
12800 N. Meridian Street, Suite 300
Carmel, Indiana  46032
Telephone:      (317) 238-6330 (Direct – A. Adolay)
                        (317) 238-6262 (Direct – M. Quigley)
                        (317) 566-1110 (Main)
Facsimile:      (317) 636-1507
E-Mail:          aadolay@kdlegal.com
                       mquigley@kdlegal.com


Hilary K. Leighty, Atty. No. 36273-49
KRIEG DeVAULT LLP
One Indiana Square, Suite 2800
Indianapolis, Indiana  46204
Telephone:      (317) 238-6257 (Direct)
                        (317) 636-4341 (Main)
Facsimile:      (317) 636-1507
E-Mail:          hleighty@kdlegal.com

*Attorneys for Defendant Franciscan Alliance, Inc.
d/b/a Franciscan Health*

KD_15495963_6.docx